IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF NORTH LAS VEGAS, NEVADA )<br>)<br>)<br>Defendant. )<br>)<br>) | CIVIL ACTION NO. |

## CONSENT DECREE

### I. Introduction

1.  This Consent Decree resolves a civil action brought by Plaintiff United States against Defendant, the City of North Las Vegas ( the "City" or "Defendant"), to enforce the provisions of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111, *et seq.*, and its implementing regulations, 29 C.F.R. Part 1630.

2.  This matter was initiated by the charge filed by Mr. Joseph Dixon (Charge Number 487-2010-00810) with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated the charge and found reasonable cause to believe that the allegations of discrimination on the basis of disability were true. After the EEOC's attempts at conciliation failed, the EEOC referred the charge to the United States Department of Justice ("the Department" or the "United States").

{00033954.DOC; 1 CM-INFD}

3.  In its Complaint, the United States alleges that the Defendant's Parks and Recreation Department discriminated against Joseph Dixon (who has a permanent and uncorrectable visual disability), in violation of 42 U.S.C. §§ 12112(a) and 12112(b)(5), as well as 29 C.F.R. §§ 1630.2, 1630.4 and 1630.9, by: a) failing to accommodate Mr. Dixon, and b) constructively discharging him by revoking his reasonable accommodation. Among other things, the United States alleges that the City discriminated against Dixon on the basis of disability by withdrawing Mr. Dixon's long standing reasonable accommodation -- an exemption from obtaining a Commercial Drivers License ("CDL") -- without any legitimate business need to do so, threatening him with disciplinary action if he failed to obtain a CDL, and thereby constructively discharging him.

4.  The City denies that it violated the ADA. Nonetheless, as a result of ongoing discussions, the United States and the Defendant (collectively, "the parties") agree that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ORDERS THE FOLLOWING:

## II. Jurisdiction and Venue

5.  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331 and 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391.

{00033954.DOC; 1 CM-INFD}

6.  The United States has authority to initiate legal proceedings to enforce Title I of the ADA through litigation. 42 U.S.C. § 12117.

7.  Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

8.  Joseph Dixon is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2 because he has a permanent, uncorrected visual acuity of 20/1000 in his left eye that is correctable to 20/400 (monocular vision), and as a result he is substantially limited in the major life activity of seeing.

### III. Injunctive Relief

9.  Defendant, by and through its officials, agents, employees, and all persons in active concert or participation with the Defendant in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any employee or applicant for employment on the basis of disability in violation of Title I of the ADA. Discrimination under Title I of the ADA includes, among other things, failing to provide reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. 42 U.S.C. §§ 12112(a) and 12112(b)(5).

10. Defendant shall provide training on Title I of the ADA, including Defendant's responsibilities with respect to employee reasonable accommodations, to:

(a) all current supervisory employees, as well as all employees who participate in making personnel decisions (collectively, "supervisors"), within ninety (90) days of the entry of this Consent Decree, and (b) all new supervisors, whether by hire or promotion, after the entry of this

{00033954.DOC; 1 CM-INFD}

Consent Decree within thirty (30) days of the start of their supervisory position. The initial training shall be conducted in person by trainers that the Defendant has selected and the Department has approved. The initial training may be videotaped for use at subsequent trainings. After the City has completed the training for current supervisors, as required by this paragraph, the City shall provide a written report to the Department regarding its compliance with its training requirement, including copies of the attendance logs maintained for the trainings described in this paragraph.

11.  Six (6) months after the effective date of this Consent Decree, and every six (6) months thereafter during the term of this Consent Decree, Defendant shall provide a written report ("Report") to the United States regarding its efforts to comply with this Consent Decree. The Report shall include, for the preceding six-month period:

(a)  A specific acknowledgment that Defendant has, for the instant reporting period, complied with the training requirements set forth in paragraph (10) above;

(b)  Notification regarding any request for reasonable accommodation made by any employee, and a description of how the request was handled by the City. Such notice will include, at a minimum, a description of the nature of the request, the name of the individual making the request, and all documentation possessed by Defendant relevant to the handling of the request.

(c)  Notification regarding any lawsuit, written complaint, charge, or grievance alleging that Defendant has violated Title I of the ADA. Such notice will include, at a minimum, a description of the nature of the allegation, the name of the individual making the allegation, and all documentation possessed by Defendant relevant to the allegation. The first Report filed with the

{00033954.DOC; 1 CM-INFD}

United States under this Consent Decree shall include all ADA Title I lawsuits, and all written complaints, charges, or grievances of which Defendant is aware and that are pending or otherwise unresolved at the time the first Report is made. All subsequent Reports shall include notice of all ADA Title I lawsuits, written complaints, charges, or grievances made subsequent to the immediately previous Report, as well as those ADA Title I lawsuits, written complaints, charges, or grievances reported in previous Reports that are still pending.

12.     This Decree, being entered with the consent of the parties, shall not constitute an adjudication or finding on the merits of the action and shall not be construed as an admission by the City of a violation of the ADA, or any other law, rule or regulation.

### IV. Individual Relief

13.     Within fourteen (14) days of the effective date of this Decree, the Defendant shall offer, in writing, to pay Mr. Joseph Dixon a total monetary award of $38,229.45 for monetary and compensatory damages. The Defendant shall send this written offer to Mr. Dixon along with a copy of this signed Consent Decree and the attached Release of Claims Form.

14.     In order to accept the relief offered by the Defendant, Mr. Dixon must execute and return the Release of Claims Form to the Defendant within twenty one (21) days of his receipt of the Defendant's letter and Release of Claims Form.

15.     If Mr. Dixon accepts the Defendant's remedial offer outlined in paragraph 13, the Defendant shall pay to Mr. Dixon the full amount of the total monetary award specified in paragraph 13 within fourteen (14) days of its receipt of a Release of Claims Form signed by Mr. Joseph Dixon.

16.     The City will not withhold taxes from the monetary award and Mr. Dixon will accept full

{00033954.DOC; 1 CM-INFD}

responsibility for taxes due and owing, if any, on such funds. The City shall issue to Mr. Dixon an IRS Form 1099 reflecting the amount paid to Mr. Dixon.

### V. Enforcement

17. The United States may review compliance with this Consent Decree at any time and may enforce this Consent Decree if the United States believes that the Decree or any requirement thereof has been violated. If the United States believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with the Defendant and the parties will attempt to resolve the concerns in good faith. If the United States' concerns are not fully resolved within 30 days of the written notice, the United States may seek any appropriate relief from the Court.

18. Failure by the United States to enforce any provision of this Consent Decree shall not be construed as a waiver of the United States' right to enforce any provision of this Consent Decree.

19. If any term of this consent decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

20. This Consent Decree does not purport to remedy any other potential violations of the ADA or any other law that is not specifically addressed herein, nor does it affect the Defendant's continuing responsibility to comply with all aspects of the ADA.

21. This Consent Decree shall remain in effect for three (3) years from the effective date, unless an extension is sought and granted. The Court shall retain jurisdiction to enforce this Consent Decree.

22. The effective date of this Consent Decree is the date on which the Court enters this Consent Decree.

23. This Consent Decree and the Release of All Claims Form constitute the entire agreement

{00033954.DOC; 1 CM-INFD}

between the parties relating to <u>United States</u> v. <u>The City of North Las Vegas</u>, Civ. No._____;
Department of Justice Number 205-46-13; and EEOC Charge No. 487-2010-00810.  No other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree shall be enforceable. Any modifications to this Decree must be mutually agreed upon and memorialized in writing and signed by the United States and the City.

24.   This Consent Decree shall be binding on the Defendant, its agents and employees.

25.   The individuals signing this Consent Decree represent that they are authorized to bind the parties to this Consent Decree.

26.   The parties shall bear their own costs and expenses, including attorneys' fees.

**SO ORDERED** October 17, 2014.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

FOR THE UNITED STATES    MOLLY J. MORAN
Acting Assistant Attorney General
EVE L. HILL
Deputy Assistant Attorney General
Civil Rights Division

Date: September 25, 2014        *[signature: Alyse Bass]*

REBECCA B. BOND, Chief
KATHLEEN P. WOLFE, Special Litigation Counsel
AMANDA MAISELS, Acting Deputy Chief
ALYSE BASS, Senior Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice

{00033954.DOC; 1 CM-INFD}

REBECCA B. BOND, Chief
KATHLEEN P. WOLFE, Special Litigation Counsel
AMANDA MAISELS, Acting Deputy Chief
ALYSE BASS, Senior Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW - NYA
Washington, D.C. 20530
Telephone: (202) 353-0368
Facsimile: (202) 305-9775
Email: Alyse.Bass@usdoj.gov
Attorney for the United States

FOR THE CITY OF NORTH LAS VEGAS

By: _____  Date: 9/24/14
Qiong X. Liu, Interim City Manager
CITY OF NORTH LAS VEGAS,
a Nevada municipal corporation

ATTEST:

By: _____  Date: 9-24-14
Barbara A. Andolina, City Clerk

APPROVED AS TO FORM:

By: _____  Date: 9/24/14
Sandra Douglass Morgan, City Attorney